IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Sandusky Wellness Center, LLC, | Case No. 3:12 CV 2261 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| DrFirst.com, Inc., et al., | |
| Defendants. | |

This matter is before the Court on Defendant's Motion to Dismiss, Stay, or Transfer (Doc. 11). Plaintiff opposed (Doc. 13), and Defendant replied (Doc. 14).

The Complaint, filed in September 2012, alleges individual and class claims on behalf of a putative class of recipients of a facsimile (fax) advertisement allegedly sent by Defendant (Doc. 1). An almost identical putative class action was filed against the same Defendant in February 2012, seven months earlier, in the United States District Court for the Northern District of Illinois. *Wood Dale Chiropractic, Ltd. v. DrFirst.com, Inc.*, Case No. 1:12-cv-780 (N.D. Ill.). Defendant moves to dismiss, stay, or transfer Plaintiff's lawsuit pursuant to the first-to-file rule.

*Wood Dale* seeks redress for the alleged receipt of unsolicited fax advertisements sent by or on behalf of Defendant, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, and common law conversion. In addition to individual claims, the *Wood Dale* plaintiff asserts claims on behalf of a putative class consisting of:

> (a) all persons and entities with fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), or such shorter period during which faxes were sent by or on behalf of defendant DrFirst.com, Inc., and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant DrFirst.com, Inc., promoting its goods or services for sale (d) which does not contain an opt out notice as described in 47 U.S.C. § 227. (Doc. 11-1 at ¶ 28).

Here, Plaintiff, like the *Wood Dale* plaintiff, brings this action seeking redress for the alleged receipt of unsolicited fax advertisements. Plaintiff asserts a single claim based on Defendant's alleged violation of the TCPA. Like the *Wood Dale* plaintiff, Plaintiff here seeks to assert claims on behalf of a putative class consisting of:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes (4) with whom Defendants did not have an established business relationship, and (5) did not display a proper opt-out notice. (Doc. 1 at ¶ 18).

"The 'first-to-file' rule is a doctrine of federal comity that promotes judicial efficiency." *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005) (internal citations and quotation marks omitted). "[W]hen two courts have concurrent jurisdiction over a dispute involving the same parties and issues, as a general proposition, the forum in which the first-filed action is lodged has priority." Wright & Miller, 15 FEDERAL PRACTICE AND PROCEDURE § 3854 (3d ed. 2012). If the second-filed court invokes the rule, the court can either stay the second-filed action pending the outcome of the first-filed suit or transfer the second-filed action to the court of the first-filed action. *Fuller*, 370 F. Supp. 2d at 689.

Duplicative lawsuits are those in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997) (internal citation and quotation marks omitted). To determine whether actions are

duplicative such that the first-to-file rule is invoked, "courts consider three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." *Fuller*, 370 F. Supp. 2d at 688. The crucial inquiry is whether the parties and issues "substantially overlap." *Id.*

Here, the two lawsuits substantially overlap. Defendant is the only named defendant in both lawsuits, and as a practical matter, the putative classes in both cases are substantially the same, if not identical. The proposed classes may vary slightly because of the proposed time periods. Plaintiff's proposed class runs from November 6, 2008 to the present while the *Wood Dale* proposed class runs from February 3, 2008 through February 28, 2012. However, the parties need not be identical in the context of a putative class. *Fuller*, 370 F. Supp. 2d at 690 (finding "little significance" if the "collective classes in each action will ultimately contain different individuals"). In *Fuller*, the court transferred a putative class action complaining of defendant's employment practices to the district in which the first lawsuit was filed, and noted that "if both actions proceed, the same individuals could receive two opt-in notices for the same claim but in different courts," and "[t]hat such a confusing result could occur evidences that the collective classes are substantially similar." *Id.* Such is the situation here as well.

This Court also finds that the two cases involve substantially similar, if not the same, issues. In this case as well as *Wood Dale*, the parties seek redress for themselves and an almost identical putative class based on the alleged receipt of fax advertisements sent by or on behalf of Defendant during nearly the same time periods.

Plaintiff argues that this case is factually different from *Wood Dale* because the face of the alleged unsolicited fax here is different than the one in *Wood Dale*. Plaintiff further argues that "we

3

only know one fax was sent to recipients who included the Plaintiff in Ohio, and the other fax was sent to recipients who included the Wood Dale plaintiff in Illinois" and so "there is no plausible conclusion that can be reached at this time that the two different faxes were sent to the same single list of recipients" (Doc. 13 at 4). However, it is beyond dispute that there is substantial, if not complete, overlap of the putative class sought in the two cases. The classes are not defined narrowly to only include faxes with particular artwork. Plaintiff fails to explain how the artwork and message differences would materially impact the liabilities. In fact, Plaintiff seeks to assert claims based on Defendant allegedly sending "the same *and similar* unsolicited facsimiles" (Doc. 1 at ¶ 15) (emphasis added).

Plaintiff also argues the two cases are not sufficiently similar because *Wood Dale* includes Illinois consumer fraud and conversion claims. However, these two additional claims do not defeat the substantial overlap of the the primary issues involved in both cases. *Siegfried v. Takeda Pharm. N. Am., Inc.*, 2011 WL 1430333, at *6 (N.D. Ohio 2011).

Finally, Plaintiff's argument that a class has not yet been certified in *Wood Dale* also fails. Courts routinely apply the first-to-file rule before class certification is decided. *See, e.g.*, *Fuller*, 370 F. Supp. 2d at 689; *Peak v. Green Tree Fin. Servicing Corp.* 2000 WL 973685, at *2 (N.D. Cal. 2000).

This Court concludes that the appropriate course is to transfer this action to the court handling *Wood Dale*, satisfying the mandate of Federal Civil Rule 1 to promote the "just, speedy, and inexpensive determination of every action."

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 28, 2012

4